Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are properly before the Court and the Court has jurisdiction over the parties and the subject matter.
2. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
3. Defendant, North Carolina Department of Correction, is a State agency and the plaintiff is an inmate at Lumberton Correctional Facility.
4. The parties have stipulated to the plaintiff's medical records from Lumberton Correctional Facility.
5. The issues presented by plaintiff's affidavit are whether the plaintiff was injured on 30 June 1995 by a negligent act or omission of defendant and what amount of damages, if any, is plaintiff entitled to recover.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. On 14 October 1994, plaintiff received a replacement partial plate while in correctional facilities in the state of Rhode Island. At that time, plaintiff had been transferred to Rhode Island by defendant pursuant to an inmate housing contract defendant had with Rhode Island correctional facilities.
2. The partial dental plate which plaintiff received 14 October 1994 was necessary because the original plate no longer fit or functioned properly. After plaintiff returned to North Carolina correctional facilities in June 1995, defendant's personnel did not receive the original plate, which had been replaced in Rhode Island. When a dental plate is replaced, the normal procedure is to discard the plate, which is no longer usable.
3. The partial plate which plaintiff was then using and is using to this date was, however, examined and found to be completely functional and within all guidelines of defendant's dental policies for dental plates. Inmates are not entitled to new or additional partial plates if the plates provided are functional. Although the partial constructed for plaintiff in Rhode Island is a shade darker than the normal shade of plaintiff's teeth, this alone does not entitle plaintiff to a new partial.
4. Inmate's dental plates are routinely replaced every five (5) years unless the present plates become nonfunctional due to bone or tooth loss, injury or other reason. Plaintiff is scheduled to receive a new replacement partial in October 1999.
5. Whatever gum disease or other problems plaintiff has experienced since returning to North Carolina in June 1995 are not attributable and there is no evidence that they bear a causal relationship to the partial dental plate which he now has and which he has had since October, 1994.
6. The medical records indicate plaintiff has had significant plaque buildup and has been encouraged to brush and floss regularly. Plaintiff's testimony that he regularly brushed and flossed is not accepted as credible based upon the Deputy Commissioner's observation of the plaintiff at the hearing and the medical records.
7. The greater weight of the evidence is that plaintiff's current partial plate did not result or contribute to any deterioration of plaintiff's teeth. Likewise, the failure to return plaintiff's original partial plate, replaced in Rhode Island in 1994, did not result in the development of any deterioration of plaintiff's dental health. It is more likely than not that plaintiff's own dental hygiene contributed to any decline in plaintiff's teeth.
8. Based upon the greater weight of the evidence, the plaintiff has failed to prove any negligence on the part of a named officer, employee or agent of defendant.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to carry the burden of proof to establish any negligence on the part of a named employee or that the plaintiff has suffered any damages as a result of an act or omission of defendant. Further, the evidence showed that the plaintiff's partial dental plate is adequately functioning and plaintiff is not entitled to relief under the North Carolina Tort Claims Act. N.C. Gen. Stat. § 143-291.
2. There is no negligence upon the part of a named officer, employee or agent of defendant while acting within the scope of their employment and duty, which proximately caused any injury to plaintiff. N.C. Gen. Stat. § 143-291, et. seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of February 1999.
 S/_________________________ LAURA KRANIFIELD MAVRETIC COMMISSIONER
CONCURRING:
S/______________________ BERNADINE S. BALLANCE COMMISSIONER
S/______________________ THOMAS J. BOLCH COMMISSIONER